IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

FERN K. RICHMOND                                           PLAINTIFF

    V.                    Civil No. 04-3024

CONTINENTAL CASUALTY CO., et al.                           DEFENDANTS

**O R D E R**

    Now on this 6th day of September, 2005, comes on to be considered **Defendants' Motion to Limit Evidence to Administrative Record (Doc. 14)**. The Court, being well and sufficiently advised, finds and orders as follows with respect thereto:

    1. Plaintiff brings this action pursuant to the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, challenging defendants' decision to deny him disability benefits.

    2. This Court's function is to conduct a review of the record that was before the administrator of the employee benefit plan when the claim was denied. See Farfalla v. Mutual of Omaha Ins. Co., 324 F.3d 971, 974 -975 (8th Cir. 2003). Accordingly, the Court directed the parties to file a stipulated administrative record. Rather than file a joint stipulated record, however, the parties filed two separate administrative records. (Doc. 9 Ex. A and Docs. 11 & 12.)

    3. In the motion now before the Court, defendants assert that the record submitted by plaintiff contains documents that were not before the claims administrator at the time it made its decision. Defendants move to limit the evidence before the Court

to the record they submitted, which they contend is the record that was before the administrator.

4. In response, plaintiff merely asserts that the documents he has submitted are "pertinent" and that "[i]t is only right that the Plaintiff be allowed to add their one and only submission to the Administrative Record." (Doc. 16.) Plaintiff offers no explanation as to why the documents at issue were not submitted to the plan administrator. Having failed to submit the documents to the plan administrator or to explain his failure to do so, plaintiff will not be allowed to supplement the record with these documents. See Brown v. Seitz Foods, Inc., 140 F.3d 1198, 1200 -1201 (8th Cir. 1998).

5. Based on the foregoing, **Defendants' Motion to Limit Evidence to Administrative Record (Doc. 14) is GRANTED**. The Court's review shall be limited to the administrative record filed by defendants (Doc. 9 Ex. A). The record filed by plaintiff (Doc. 12) shall not be considered.

6. The parties have yet to file briefs on the merits of this case. Plaintiff shall have 14 days from entry of this order to file his brief and defendants shall have 14 days thereafter to file their brief.

IT IS SO ORDERED this 6th day of September 2005.

/S/JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE