## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## HARRISON DIVISION

**FERN K. RICHMOND**                                                          **PLAINTIFF**

V.                            Civil No. 04-3024

**CONTINENTAL CASUALTY CO., et al.**                          **DEFENDANTS**

### O R D E R

Now on this 5th day of October, 2005, comes on to be considered plaintiff's **Motion for Remand (Docs. 18 & 19)**. The Court, being well and sufficiently advised, finds and orders as follows with respect thereto:

1. On September 6, 2005, this Court entered an Order granting **Defendants' Motion to Limit Evidence to Administrative Record (Doc. 14)** and ordering the parties to file their briefs on the merits of this case.

2. Instead of filing her brief on the merits of this matter, the plaintiff filed a **Motion for Remand (Docs. 18 & 19)** seeking to remand this action, brought pursuant to the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, to the plan administrator for further consideration. The plaintiff argues that the matter should be remanded to the plan administrator for a decision on the "entire medical record."

3. The defendants argue that plaintiff's motion for remand is simply another attempt by plaintiff to supplement the

administrative record with additional medical evidence she failed to submit, without good cause, during the administrative process.

4.  As set forth in this Court's previous Order, this Court's function is to conduct a review of the record that was before the administrator of the employee benefit plan when the claim was denied. See Farfalla v. Mutual of Omaha Ins. Co., 324 F.3d 971, 974 -975 (8th Cir. 2003). Without good cause, the plaintiff will not be able to supplement the record with documents not previously presented to the plan administrator. See Brown v. Seitz Foods, Inc., 140 F.3d 1198, 1200 -1201 (8th Cir. 1998). And, while this Court may have the authority, under certain circumstances, to remand the matter to the plan administrator if it believes the administrator lacked adequate evidence to make a decision, Davidson v. Prudential Ins. Co. of America, 953 F.2d 1093 (8th Cir. 1992), such a determination would be more properly made *following* briefing by the parties on the merits of this case.

5.  Therefore, plaintiff's **Motion for Remand (Docs. 18 & 19)** is **DENIED**. And the parties are, yet again, ordered to file briefs on the merits of this case. Plaintiff shall have 14 days from entry of this order to file his brief and defendants shall have 14 days thereafter to file their brief.

**IT IS SO ORDERED** this 5th day of October 2005.

> **/s/Jimm Larry Hendren**
> **JIMM LARRY HENDREN**
> **UNITED STATES DISTRICT JUDGE**