IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

FERN K. RICHMOND                                              PLAINTIFF

    V.                Civil No. 04-3024

CONTINENTAL CASUALTY CO., et al.                              DEFENDANTS

**O R D E R**

Now on this 15th day of February, 2006, comes on to be considered plaintiff's **Motion to Compel Answers to Discovery (Doc. 24)**. The Court, being well and sufficiently advised, finds and orders as follows with respect thereto:

1. The plaintiff brought this action pursuant to the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, challenging defendants' decision to deny her disability benefits.

2. This Court's function is to conduct a review of the record that was before the administrator of the employee benefit plan when the claim was denied. See Farfalla v. Mutual of Omaha Ins. Co., 324 F.3d 971, 974 -975 (8th Cir. 2003). Accordingly, the Court directed the parties to file a stipulated administrative record. Rather than file a joint stipulated record, however, the parties filed two separate administrative records. (Doc. 9 Ex. A and Docs. 11 & 12.)

3. The defendants filed **Defendants' Motion to Limit Evidence to Administrative Record (Doc. 14);** and, on September 6, 2005, this Court entered an Order granting the motion and

ordering the parties to file their briefs on the merits of this case.

4. Instead of filing her brief on the merits of this matter, the plaintiff filed a **Motion for Remand (Docs. 18 & 19)** -- seeking to remand this action to the plan administrator for further consideration. This motion was denied and the Court again ordered the parties to submit briefs on the merits of the case. Both parties' briefs have now been filed (Docs. 22 & 23).

5. Plaintiff has now filed her **Motion to Compel Answers to Discovery (Doc. 24)** stating, *inter alia*, that she mailed discovery to the defendants on September 27, 2005, to which defendants have objected and refused to answer. Further, the plaintiff states that "the answers to this discovery will probably reveal the fact that the Defendant has a vested financial stake and interest in the outcome of the refusal or termination of benefits to justified beneficiaries which will thereby affect the standard of review before this court."

The defendants oppose the motion and argue that they should not be compelled to answer the discovery.

6. Under ERISA, this Court's function is to conduct a review of the record that was before the administrator of the employee benefit plan when the claim was denied. See Farfalla v. Mutual of Omaha Ins. Co., 324 F.3d 971, 974 -975 (8th Cir. 2003). Because evidence outside the administrative record is generally not admitted, discovery is not conducted absent

extraordinary circumstances.  Brown v. Seitz Foods, Inc., 140 F.3d 1198 (8th Cir. 1998).

As noted, plaintiff contends that discovery should be allowed because it will "probably reveal" certain things which might amount to a conflict of interest.

Although a conflict of interest *could* affect the standard of review, "not every allegation of impartiality alters the standard of review.  A plan beneficiary is not entitled to less deferential review absent material, probative evidence demonstrating that a palpable conflict of interest existed, which caused a serious breach of the administrator's fiduciary duty."  Farley v. Arkansas Blue Cross and Blue Shield, 147 F.3d 774, 776 (8th Cir. 1998).  Moreover, a conflict of interest of a level sufficient to affect the standard of review "will ordinarily be apparent on the face of the administrative record . . . [t]hus, the district court will only rarely need to permit discovery and supplementation of the record to establish these facts."  Id. at n.4.  *See also* Abram v. Cargill, Inc., 2003 WL 1956218 (D.Minn. 2003).

7. Plaintiff's motion to compel fails to point to *any* portion of the administrative record, or other evidence, to support her claim of a conflict of interest.  It does not suggest that "material, probative evidence demonstrating that a palpable conflict of interest existed" -- but, rather, only that such discovery will *probably* reveal evidence of such.  In the Court's view, more is need to authorize discovery which --

without more -- would appear to be nothing more than a "fishing expedition". Accordingly, plaintiff's **Motion to Compel Answers to Discovery (Doc. 24)** should be, and it hereby is, **denied**.

IT IS SO ORDERED.

/S/JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE